JACOB JAMES BYE,                              )
                                             )
        Petitioner,                   )
                                             )
       v.                            )        No. 417-CV-1579 NCC
                                             )
TOM VILLMER,                                 )
                                             )
        Respondent,                   )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the Order to Show Cause as to why his petition for writ of habeas corpus should not be dismissed as time-barred, pursuant to 28 U.S.C. § 2244. After reviewing petitioner's response, the Court finds that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is barred by the statute of limitations and must be summarily dismissed.

### Background

On February 5, 2009, petitioner pled guilty to three counts of sexual misconduct or attempt involving a child under the age of fifteen. *State of Missouri v. Bye*, No. 08PH-CR01078-01 (Phelps County). On May 13, 2009, the court sentenced him to four years' imprisonment on each count, with the sentences to run consecutively. The court suspended the execution of the sentence ("SES") and placed him on supervised probation.

As a condition of probation, petitioner was ordered to complete a sex-offender treatment program. *See Bye v. Villmer*, No. 16SF-CC00164 (St. Francois County) (J. entered Feb. 10, 2017). He was terminated from at least two programs because he was disruptive, and other programs refused to accept him for that reason. *Id.*

On August 7, 2014, the court revoked his probation because he failed to complete sex-offender treatment. See *Missouri v. Bye*, No. 08PH-CR01078-01. He did not file an appeal, and he is currently serving his sentence.

Petitioner filed a Rule 91 habeas petition on September 16, 2016. *Missouri v. Bye*, No. 16SF-CC00164. The court denied the petition on February 10, 2017.

Petitioner filed the instant application for writ of habeas corpus by placing his petition in the prison mail system on May 20, 2017. He was ordered to show cause why his petition should not be dismissed as untimely on July 24, 2017. He responded to the Court on September 11, 2017, stating, "Bye was told U.S. District Court Judges can change sentences. Memorandum and Order Page 1 States Bye was sentenced four years imprisonment on each count with the sentences to run concurrently. Page 2 states Bye is serving his four-year sentence. Please confirm as Bye would be released 22 August 2018."[1]

**Discussion**

Pursuant to 28 U.S.C. § 2244(d)(1), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. If no direct appeal is taken, a Missouri criminal judgment becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a). The time during which a properly filed motion for post-conviction relief is pending tolls the limitations period. 28 U.S.C. § 2244(d)(2).

Because petitioner did not appeal from the August 7, 2014, revocation judgment, it became final on August 17, 2014. Therefore, the limitations period expired on August 17, 2015.

---

[1]The Court made a clerical error when it indicated that petitioner had been sentenced to a four-year concurrent sentence. Plaintiff's judgment on Missouri.Case.Net indicates that he was sentenced to four years' imprisonment on each count, with the sentences to run consecutively. This Court has no ability to change a state-imposed sentence. This Court can only take judicial notice of a sentence imposed by the Missouri State Court.

Petitioner did not file his Rule 91 habeas petition until more than a year after the limitations period expired; so, the period was not tolled during the time it was pending.

Petitioner has not disputed that his habeas action is barred by the statute of limitations. As such, this action will be dismissed as time-barred and no certificate of appealability shall issue.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus is **DENIED AND DISMISSED AS TIME-BARRED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 19th day of September, 2017.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE